**Emma J. WOODARD, Appellant,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH, EDUCATION & WELFARE, Appellee.**

**No. 79–1973.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1980.

Decided June 30, 1980.

Ponder & Jarboe, Walnut Ridge, Ark., on brief, for appellant.

Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C., George W. Proctor, U. S. Atty., Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., and Nathan Kobin, Atty., Dept. of H. E. W., Baltimore, Md., on brief, for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HUNGATE, District Judge.*

PER CURIAM.

This is an appeal from the determination of the district court that there was substan-

---

* The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri, sitting by designation.

tial evidence on the record to support the Secretary of Health, Education and Welfare's denial of disability benefits to Emma J. Woodard. We remand.

Emma Woodard is a 50-year-old woman with a third grade education. She can read and write but not proficiently. Until 1963, she held a number of jobs, including assembly-line work in several industrial plants and filling and packaging orders for a seed company. Woodard was injured while at work in 1963. Thereafter, she attempted to re-enter the work force on several occasions, primarily as a domestic, but was unable to work for any significant length of time. In 1975, she made application for disability benefits.

Her examining physician, Albert F. Dingley, reported that Woodard had osteoarthritis of the right hip for which she underwent surgery in 1971. Although the surgery apparently improved her situation, Woodard still reported pain in her hip and motion in the joint was restricted. Dr. Dingley concluded that Woodard could work, but not unless the job involved both sitting and standing, and did not include any weight lifting.

Dr. Norman K. Smith testified that Woodard had the residual functional capacity of being able to sit for eight hours a day. He said nothing, however, about her ability to lift heavy objects. Dr. Vestal B. Smith simply testified that she had a 50% loss of motion of her right hip and gave no testimony as to the type of work that she was able to do. Dr. Alan E. Dickenson concluded that Woodard would have difficulty in activities requiring prolonged walking or standing.

It is clear from the record that all of the jobs that Woodard held prior to her injury involved some weight lifting and that most of them required her to either sit or stand for the entire day. We have previously held that where an individual establishes that she suffers from a disability which prohibits her from returning to the work she formerly did, the burden shifts to the Secretary to establish that there is other work that she could perform in the light of her disabilities, and that it is incumbent on the Secretary to call a vocational expert to establish this fact. *Garrett v. Richardson*, 471 F.2d 598, 603–604 (8th Cir. 1972).

On the basis of this record, we have no alternative but to remand to the Secretary with directions to hold an additional administrative hearing and to have a vocational expert testify as to whether, in the light of the entire record as to Woodard's present disabilities, there are jobs at which she can be substantially and gainfully employed. If it appears that there is such work available, then a finding of no disability should be made. On the other hand, if no such jobs are available, then an order should be entered awarding her disability benefits from the time of her application.

Finally, we note that this matter has been pending for more than five years and it is, therefore, imperative that a prompt decision be made.