**Esther M. HUBLEY, Plaintiff,**
v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. 79–0089–CV–W–5.**

United States District Court,
W. D. Missouri, W. D.

Aug. 25, 1980.

As Amended Dec. 9, 1980.

K. Colleen Nunnelly, Legal Aid, Kansas City, Mo., for plaintiff.

Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff brought this action under the provisions of 42 U.S.C. § 405(g), seeking judicial review of the defendant's final decision denying her Social Security disability benefits. The plaintiff has moved the Court for summary judgment, and the plaintiff and defendant have filed briefs in support and opposition to said motion. For the reasons stated below, the plaintiff's motion for summary judgment is sustained, and the decision of the defendant to deny the plaintiff Social Security disability benefits is reversed.

The plaintiff's claim for Social Security disability benefits was rejected by the Administrative Law Judge (ALJ) in a decision on October 10, 1978. The plaintiff appealed that decision, and the Appeals Council affirmed the decision of the ALJ as the final decision of the Secretary on December 11, 1978. The plaintiff seeks judicial review of the Appeals Council decision.

The form and scope of judicial review of the defendant's actions is statutorily defined and limited. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the Court if it is supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir. 1976); *Yawitz v. Weinberger*, 498 F.2d 956, 957 (8th Cir. 1974). This standard of substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir. 1976); *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975).

■ The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). In order to meet the statutory definition, the claimant must show (1) that he has a medically determinable physical or mental impairment that will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is a result of his impairment. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).

■ When a claimant has shown a disability which precludes returning to his or her regular work, the burden shifts to the

Secretary to show that the claimant may engage in other gainful activity. Under these circumstances, we think it is fundamental that the ALJ base his judgment upon the testimony of the vocational witness. *Warner v. Califano,* 623 F.2d 531 (8th Cir., 1980).

█ At the hearing the vocational expert testified, based on a hypothetical question propounded to her by the ALJ, that due to the claimant's medical problems and limitations she would not be able to return to any of her former jobs which were clerking–type jobs, sedentary in nature, because she could not sit or stand for sufficient lengths of time. The vocational expert further testified that there were no jobs in the area which she could perform because of her disability. However, the ALJ, in spite of the testimony of the vocational expert, found that the claimant could perform her past work as a clerical worker and tester of electronic material and that there were jobs existing in the area which claimant could perform. Thus, the finding of the ALJ is contrary to the medical evidence produced at the trial, the testimony of plaintiff, and the testimony of the vocational expert. The Court concludes that the decision of the Secretary adopting the findings of the ALJ was in error.

The claimant was born on October 27, 1926. She completed the eleventh grade in school and she lives in Kansas City, Missouri, with three children.

Ms. Hubley testified that she became disabled on April 1, 1977, and she has not worked since that time. Her previous work experience included packing shipping labor at a packing company, microtester in an electronics factory, cook or maid for St. Mary's Hospital, and from 1966 to 1977 she was employed at the Jackson County Courthouse and performed various clerical duties. While the claimant was working at St. Mary's Hospital from 1959 to 1966, she developed severe arthritic pain in her back which was aggravated by walking on concrete, and her doctor advised her to leave the job at St. Mary's Hospital, which she

did in 1966 and began working at the Jackson County Courthouse. She testified that since 1966 her arthritis has gotten progressively worse and that she is required to take medication, including valium and pain pills. She also testified that she has trouble with numbness in her arms and legs. She stated that because of the arthritis she is unable to sit or stand for any length of time. She further testified that she has trouble with headaches and that she is also treated for hypertension and high blood pressure.

In the winter or early spring of 1977, claimant developed problems with her lungs, which included coughing and hemorrhaging, and she was ultimately required to leave her work on April 1, 1977. After receiving treatment for several months for an abscess on the lower lobe of the right lung and a lipoma on the left lumbar spine, on September 19, 1977, she was operated on by Dr. Hanna, M.D., in which he removed the lower lobe of the right lung and a tumor from her spine.

Plaintiff recovered from the operation, but she continued to have constant pain in her back and numbness running down from her hip to her knee and pain in her neck. In early 1978 she was examined at the Truman Medical Center and the x–ray findings showed that she had cervical spondylosis in the cervical region of her neck. The tests also indicated that she had arthritis in her hip and limited motion to her back, arms and legs, and numbness in her legs.

The medical evidence offered at the hearing for the ALJ substantiated the operation that the claimant had to the lower lobe of her right lung and removal of the tumor from her spine. The medical evidence also confirmed the fact that the plaintiff was suffering from arthritis in her back, hip, and upper and lower extremities, for which she was taking medication to relieve the pain from the arthritis. The medical evidence also revealed that she had received some physical therapy for the arthritis.

At the hearing the ALJ called a vocational expert by the name of Leanne Hjertstedt, who was eminently qualified. The ALJ asked the vocational expert to consider

the medical evidence that had been produced and the testimony of the plaintiff. He then asked her a hypothetical question which included claimant's age, education, and work history. He included the fact that she would not be able to stand or sit for long lengths of time, and that she had restrictions in walking, lifting, bending or squatting. He described her physically as having weakness in her upper arm and shoulder area of her right arm and that pain medication was a daily factor in her case. As a consequence of her arthritis she would have severe restrictions for periods of time in her joints due to arthritis, swelling and pain. Taking all this into consideration, the ALJ asked her if she thought that there were any jobs within a ten–fifteen–mile radius that the claimant could do. The expert's answer was:

"Answer: No, I believe not, your honor." The expert based this on the fact that the claimant could not sit or stand for lengths of time and that her ability to walk and move around was restricted. The expert further testified that she could not go back to her former jobs as clerk or as a microtester for an electronic equipment firm.

In spite of the vocational expert's testimony, the ALJ found in his evaluation of the evidence as follows:

"A vocational expert was present at the hearing and testified in response to hypothetical questions propounded by the administrative law judge. Assuming that the claimant could stand or sit for an hour at a time, the vocational expert testified that the claimant could perform light and sedentary jobs such as her former clerical work and testing of electronic material."

This statement by the ALJ is absolutely contrary to the record and the testimony of the vocational expert. Her testimony was exactly the opposite, and there was no evidence produced on behalf of anyone that the claimant could stand or sit for an hour at a time. All of the evidence was to the effect that she could only sit or stand for short lengths of time.

The ALJ also made finding No. 5, "The claimant can perform her past work as a clerical worker and tester of electronic material." This finding was absolutely contrary to all of the evidence and cannot be substantiated from this record.

On the basis of this record, the claimant is entitled to disability benefits from the time of her application. *Woodward v. Secretary of Dept. of Health, Education & Welfare*, 626 F.2d 46 (8th Cir., 1980).

For the reasons stated above, it is hereby

ORDERED that the motion of the plaintiff is granted and that plaintiff is permanently and totally disabled and unable to perform substantial gainful employment and benefits should be granted plaintiff beginning a full five calendar months from the date of onset of disability or commencing November, 1977.