**James W. VOYLES, Appellant,**

v.

**Patricia HARRIS, Secretary of Health, Education & Welfare, Appellee.**

**No. 80–1320.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1980.

Decided Dec. 19, 1980.

Robert J. Blackwell, Flat River, Mo., for appellant.

D. Samuel Borin, Asst. Regional Atty., Dept. of Health and Human Services, Kansas City, Mo., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant James W. Voyles challenges the Department of Health, Education and Welfare Secretary's order denying him Social Security disability benefits. The district court affirmed the administrative decision; we reverse.

The appellant was initially injured in 1970 when a car body fell on him while he was working for General Motors Corporation as an assembly line worker. The accident seriously injured his lower back. A few months later, he underwent a transabdominal spinal fusion which failed to relieve his symptoms. In 1974, he had a second spinal operation involving a posterior fusion. On Voyles' first application for benefits, he was awarded a closed period of disability commencing July 1, 1973, and ending September 30, 1974. No appeal was taken from the Appeals Council decision refusing to extend the period of disability. Voyles then filed a second application for benefits, contending that he was permanently and totally disabled from engaging in any substantial gainful activity. That application was denied. Voyles filed a final application for disability benefits on February 7, 1978, the denial of which forms the basis for this appeal.

There is conflicting medical testimony in the record on the extent of Voyles' disability, but it is conceded that Voyles could not return to the job he previously held, and all of the competent testimony indicates that the type of work, if any, that Voyles would be able to do is severely limited. Because Voyles is unable to return to the job he had held prior to his disabling injury, the burden shifted to the Secretary to produce evidence by a vocational expert showing that there were jobs available that suited Voyles' qualifications and capabilities. *E. g., Woodard v. Secretary of Dep't of HEW,* 626 F.2d 46 (8th Cir. 1980); *Warner v. Califano,* 623 F.2d 531 (8th Cir. 1980); *see Wroblewski v. Califano,* 609 F.2d 908 (8th Cir. 1979).

The Secretary has failed to establish in this proceeding, through the testimony of a vocational expert or other evidence, that Voyles was able to perform any jobs that were in the employment market. Accordingly, the decision of the district court is reversed and remanded with directions to order the Secretary to either grant Voyles his requested benefits or to hold an additional evidentiary hearing for purposes of determining whether there existed gainful activity for which Voyles was qualified as of December 31, 1977, the date his insured status under the Social Security Act expired.