**Charles K. COLE, Appellant,**

v.

**Patricia R. HARRIS, Secretary of Health, Education and Welfare, Appellee.**

**No. 80–1362.**

United States Court of Appeals, Eighth Circuit.

Submitted March 2, 1981.

Decided March 6, 1981.

---

Charles K. Cole, pro se.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, GIBSON, Senior Circuit Judge, and HEANEY, Circuit Judge.

HEANEY, Circuit Judge.

Cole, a forty-five-year-old man with an eighth grade education, was injured on August 9, 1974, while employed as a truck driver, for the Bekins Moving Company. He applied for Social Security disability benefits on January 30, 1975. The Secretary ultimately denied benefits and Cole failed to take a timely appeal from the denial.

Cole filed a second application for benefits on February 1, 1978. This application was ultimately denied on February 5, 1979. Cole appealed to the United States District Court for the Eastern District of Missouri. That court granted the Secretary's motion for summary judgment and Cole appeals to this Court. We reverse and remand to the Secretary for further evidentiary hearings.

The remand is required for the following reasons:

■ 1. It is conceded that Cole cannot return to his previous jobs as a truck driver or an assembler of heavy automotive parts. In such circumstances, the burden shifts to the Secretary to show that Cole could perform other work. *Voyles v. Harris*, 636 F.2d 228, 229 (8th Cir. 1980); *Rhines v. Harris*, 634 F.2d 1076, 1078–1079 (8th Cir. 1980); *Wroblewski v. Califano*, 609 F.2d 908, 912 (8th Cir. 1979). To meet this burden, the Secretary must produce evidence showing that there are jobs available that realistically suit the claimant's qualifications and mental and physical capabilities. *E. g., Voyles v. Harris, supra*, at 229; *Rhines v. Harris, supra*, 634 F.2d at 1079; *Young v. Califano*, 633 F.2d 469, 472 (6th Cir. 1980). Adequate proof cannot be based on mere theoretical ability to perform some kind of work. *Rhines v. Harris, supra*, 634 F.2d at 1079. The record is silent as to whether the Secretary recognized the fact that the burden had shifted and we cannot say from the record that the burden had been satisfied.

■ The vocational expert's testimony that Cole could perform work as an assembler, an inspector, or a packager is divorced from the reality of this particular claimant's case. It appears that the expert may have reached his conclusion because of his misunderstanding of the apparent function-

al origin of Cole's subjective complaints, his unfamiliarity with the claimant's particular performance skills, *see Brinker v. Weinberger*, 522 F.2d 13, 18 (8th Cir. 1975), and the absence of any express references to pain in the ALJ's hypothetical question. Although the expert noted that persons with similar restrictions had been placed in the types of employment he described, the focus must be on the individual claimant since different people can react in markedly different ways to the same impairments. *See Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir. 1974). In this case, there is uncontradicted medical evidence of the claimant's history of neck and back problems with an organic origin. In addition, Cole testified about the severe restrictions on his daily activities and his constant pain and discomfort. In addressing the question of whether the claimant could realistically perform in existing employment in *Rhines v. Harris, supra*, 634 F.2d at 1079, this Court stated, "Employers are concerned with substantial capacity, psychological stability, and steady attendance; they will not unduly risk increasing their health and liability insurance costs. It is unrealistic to think that they would hire anyone with the impairments of this claimant." (quoting *Thomas v. Celebrezze*, 331 F.2d 541, 546 (4th Cir. 1964)). If the vocational expert were to consider the appropriate information, he may well conclude that the same is true of Mr. Cole.

■ 2. It appears that the ALJ believed that Cole's complaints of pain and limited mobility and dexterity were "extremely exaggerated," because there was a dearth of objective medical facts to support them. By placing emphasis on objective medical facts, the ALJ concluded that the claimant was "in a certain amount of discomfort and pain" but that it was not disabling.

The ALJ erred in emphasizing the need for objective medical evidence. As this Court said in *Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir. 1978) (citations omitted),

Although evidence of pain suffered by a claimant may be of necessity subjective in nature, and therefore difficult to eval-uate, the administrative factfinder must give serious consideration to such evidence even though it is not fully corroborated by objective examinations and tests performed on the claimant. While the claimant has the burden of proving that the disability asserted results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between a physical impairment and the claimant's subjective pain need not be produced. There is no question that pain can cause disability within the meaning of the Social Security Act.

There was ample evidence of a medically determinable impairment in this case: the four examining physicians variously diagnosed severe functional overlay, chronic cervical sprain, chronic lumbosacral sprain and arthritic changes of the cervical spine. They stated, however, that there was too little objective evidence of neurological or musculoskeletal deficiencies to support Cole's complaints and variously characterized his difficulties as functional, symptomatic and traumatic. It is on this lack of objective medical evidence that the ALJ apparently relied to justify his conclusion that Cole was not suffering disabling pain. In doing so, the ALJ erred.

■ In focusing upon objective medical facts, the ALJ also refused, in effect, to accept the psychological overtones of the diagnoses of the examining physicians. This, too, was error. This Court has previously stated,

Most injuries or illnesses produce physiological or functional consequences and depending upon the physical makeup of the person involved, the level of pain experienced may or may not produce a disabling injury. In *Landess v. Weinberger*, 490 F.2d 1187 (8th Cir. 1974), we wrote:

These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being. Different people react in markedly different ways to similar injuries. A back condition may affect

one individual in an inconsequential way, whereas the same condition may severely disable another person who has greater sensitivity to pain or whose physical condition, due to age, obesity, deformity, or general physical well-being is generally deteriorated.

*Brand v. Secretary of Dep't of HEW,* 623 F.2d 523, 526–527 (8th Cir. 1980); *see Ber v. Celebrezze,* 332 F.2d 293, 298–299 (2d Cir. 1964).

Because it does not appear that the Secretary properly allocated the burden of proof, that the vocational expert applied the appropriate standard in determining whether there were jobs available that Cole could realistically fill in light of his mental and physical capabilities, and that the administrative law judge adequately considered the factors of pain and psychological disability in determining the extent of Cole's disabilities, we have no alternative but to remand this matter to the district court. The court is directed to remand to the Secretary for an additional evidentiary hearing at which the burden of proof will be properly allocated and at which the appropriate standard will be applied in determining whether Cole is disabled from performing substantial gainful employment.