Charles E. POWELL, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 80–1036.

United States District Court,
W. D. Arkansas,
El Dorado Division.

May 27, 1981.

Sherman A. Kusin of Harkness, Friedman, Kusin & Britt, Texarkana, Ark., for plaintiff.

Larry R. McCord, U. S. Atty., Fort Smith, Ark., for defendant.

MEMORANDUM OPINION

RICHARD SHEPPARD ARNOLD, Circuit Judge, sitting by designation.

This is a social security disability case. Both plaintiff and defendant have filed motions for summary judgment. The only issue before the Court is whether the decision of the Secretary of Health and Human Services is supported by substantial evidence. The Court on its own motion substitutes the Hon. Richard S. Schweiker, the named defendant's successor in office, as party defendant. Secretary Schweiker's name shall be used in the caption of this case henceforth.

The plaintiff, Charles E. Powell, is twenty-six years of age and has a high-school education, vocational-technical training as an automotive mechanic, and work experience as an auto mechanic, oil-field laborer, and truck driver. He lives with his wife and two children in El Dorado, Arkansas. Plaintiff alleges disability as of January 16, 1979, when he was involved in an accident while driving a tractor trailer.

Plaintiff and his representative appeared at an administrative hearing on December 5, 1979. Plaintiff testified that he began to

experience pain in his neck, back, and legs soon after the tractor-trailer accident. The pain did not subside, so plaintiff went to the doctor on January 18, 1979. Plaintiff further testified that he has pain in his neck, back, legs, and shoulders almost constantly. The building up of this pain is said to make him nervous and edgy. As a result of this pain plaintiff maintains that he can walk only twenty to thirty yards before experiencing difficulty and can stand for only thirty to forty minutes before he starts having problems.

Plaintiff's father testified at the hearing that the plaintiff had always been active up until the time of the accident and had had no nerve problems. Plaintiff's father also stated that the plaintiff frequently experiences a drawing sensation in the back of the neck (Tr. 65–68).

Medical records of St. Vincent's Infirmary, Little Rock, Arkansas, show that the plaintiff was hospitalized from May 29, 1979 through June 4, 1979. Plaintiff was admitted for treatment of neck and right scapular pain in the lumbar area. He appeared to have a musculoligamentous sprain injury and was treated conservatively with physical therapy, muscle relaxants, and pain relievers. Plaintiff was discharged as improved and advised to return to work in two weeks (Tr. 119–21). Dr. Fletcher, who treated the plaintiff in this period, diagnosed the plaintiff as having a cervical and lumbar sprain injury with no evidence of discogenic or neurological injury (Tr. 120).

A report of an orthopedic examination by Dr. S. Mac Smith showed that plaintiff walked with the aid of a cane and had moderate muscle spasms of the trapezius, bilaterally (Tr. 124). Dr. Smith diagnosed the plaintiff as having a chronic lumbosacral and cervical strain.

Dr. Robert Watson examined the plaintiff and reported difficulty in making an evaluation due to the vague and generalized nature of the plaintiff's symptoms (Tr. 133). Dr. Watson discovered little evidence of a lasting injury but found the complaints more in keeping with a hysterical reaction to an earlier injury (Tr. 134).

After evaluation of the evidence the administrative law judge (ALJ) found the plaintiff

> possibly lacks the residual functional capacity for returning to his previous work activity but definitely retains the residual functional capacity for performing a full range of light and sedentary work activity. Tr. 15.

The ALJ then applied Regulations 404.1513 and 416.913 and Rule 202.21 of Table No. 2 of Appendix II to Subparts P and I of Social Security Regulations No. 4 and 16, which required a finding that the plaintiff was "not disabled."

It appears that the ALJ was aware that the burden of showing that the claimant can perform some other type of substantial, gainful employment shifts to the Secretary when there is a finding that the claimant can not return to his former work. In meeting this burden, the ALJ applied Social Security regulations that take administrative notice of the existence of the numbers of jobs which exist throughout the national economy for individuals at various levels of physical capacity. See 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 200.00–204.00 (1979).

Previous cases in this Circuit have established that when the burden shifts in this manner, the Secretary is required to call a vocational expert to demonstrate that there is other work that the claimant could perform in light of his disabilities. *E. g., Woodard v. Secretary of the Department of Health, Education and Welfare*, 626 F.2d 46, 47 (8th Cir. 1980); *Garrett v. Richardson*, 471 F.2d 598, 603–04 (8th Cir. 1972). This rule originated in *Garrett v. Richardson, supra*, where the Court said:

> [t]he burden of producing such a person (vocational expert) must rest with the hearing examiner and in the absence of substantial evidence from other sources bearing directly on the issue of "substantial gainful activity," the testimony of a vocational counselor is essential for affirmance of an examiner's findings. *Id.* at 603–04.

The issue now is whether application of the regulation taking administrative notice of the existence or nonexistence of jobs available to persons at various levels of physical capacity can, standing alone, amount to the required "substantial evidence from other sources bearing directly on the issue of 'substantial gainful activity.'"[1] *Ibid.*

Rule 201(b) of the Federal Rules of Evidence provides that "[a] judicially noticed fact must be one not subject to reasonable dispute . . . ." That is not the case here, where the ALJ must determine what type of "light and sedentary work" the plaintiff could perform with *his* education, *his* age, and *his* work experience after considering facts, likely to be both disputed and complex, pertaining to the capacity of a specific individual. The Federal Rules of Evidence, to be sure, do not of their own force apply to administrative proceedings. But the analogous doctrine of official notice does. See Davis, Administrative Law Treatise § 15.01 (1972). Under either doctrine, notice is no substitute for proof on a disputed question of fact relating to a particular person. As was said in *Cole v. Harris*, 641 F.2d 613, at 615 (8th Cir. 1981), "the focus must be on the individual claimant since different people can react in markedly different ways to the same impairments."

Equally important is the vital role played by the vocational expert in assessing the capacity of any particular claimant to do meaningful work. The Court of Appeals in *Wroblewski v. Califano*, 609 F.2d 908, 913 (8th Cir. 1979), noted the need for a voca-

tional expert to address "precisely" the issue of available work and further stated:

[o]nly when all claimed impairments are considered by the vocational expert within the scope of a propounded hypothetical question can he or she make a proper analysis as to the claimant's ability to engage in significant gainful activity.

*Id.* at 914. In addition, *Stephens v. Secretary of Health, Education and Welfare*, 603 F.2d 36, 41–42 (8th Cir. 1979), describes the kinds of hypothetical questions that will enable a vocational expert accurately to assess whether jobs exist for a particular claimant.

This Court is persuaded that in order to provide the particularized proof sufficient to resolve this issue, the need for the testimony of a vocational expert remains. Accordingly this Court holds that the requirements of *Garrett* are not met by the application of Social Security regulations embodied in 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 200.00–204.00 (1979), without more. The regulations may be an aid to decision once the testimony of the vocational expert is received, but in view of the strong precedents in this Circuit, this Court is unwilling to hold that the regulations are so conclusive that the necessity for calling a vocational expert may be dispensed with altogether.

The decision of the Secretary will be vacated, and the cause remanded to the Secretary of Health and Human Services for further proceedings not inconsistent with this opinion.

---

1. The Fourth Circuit in *Hicks v. Califano*, 600 F.2d 1048, 1050 (4th Cir. 1979), has approved the use of the newly promulgated regulations cited above, but in *Hicks* a vocational expert had already testified. The regulations were to be used only to evaluate the case in the light of that testimony and the other evidence presented. Thus, *Hicks* should not read as eliminating the need for the testimony of a vocational expert. Indeed, *Phillips v. Harris*, 488 F.Supp. 1161 (W.D.Va.1980), from a district court in the Fourth Circuit, addresses this very issue. After citing *Hicks* (*id.* at 1164) and noting the validity of the new regulations (*id.* at 1165), the court said that the mechanical formula of the vocational guidelines could not be used to avoid the requirement of going forward with the proof (*id.* at 1167). Mere application of the formula contained in Appendix II was considered "deficient." *Ibid.* The specific conclusion was "that in cases of *prima facie* disability, the advent of the new medical vocational guidelines does not present sufficient justification for departure from the well reasoned teachings and requirements [of the previous case law]." *Id.* at 1169. The previous rule in the Fourth Circuit was that once the burden shifts to the Secretary a conclusion that the claimant can perform alternate work must be supported by particularized proof. *Taylor v. Weinberger*, 512 F.2d 664, 668 (4th Cir. 1975).