John L. **PITCOCK**, Plaintiff,

v.

Richard **SCHWEIKER**, Secretary of Health and Human Services, Defendant.

No. LR–C–80–477.

United States District Court, E. D. Arkansas, W. D.

Aug. 27, 1981.

David E. Smith, Bryant, Ark., for plaintiff.

George Proctor, U. S. Atty., by Robert J. Govar, Asst. U. S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

HOWARD, District Judge.

The issue for review is whether the Secretary of Health and Human Services, in finding plaintiff ineligible for disability benefits, has established that plaintiff is capable of engaging in alternative substantial gainful employment, where a vocational expert was not utilized and the determination that plaintiff is capable of alternative employment is based solely on the application of Medical-Vocational Guidelines-Regulation 404.1513 and Rules 201.27 of Table 1 of Appendix 2, Subpart P, Regulations No. 4.[1] Stated differently, the question is whether the final action of the Secretary, which is adverse to plaintiff's request for disability benefits, is supported by substantial evidence.

Plaintiff, John L. Pitcock, is 38 years of age; he is married and is the father of three children. He has completed seven years of schooling, but possesses a high school equivalency diploma. He entered the military service at age 17 and received training as a truck driver.

After his discharge from service, plaintiff worked for a furniture factory for several months and then was employed as a long distance truck driver. He has been employed as a truck driver since that time.

In May, 1977, plaintiff-claimant sustained a heart attack and has had chest pain on exertion since his heart attack.

Claimant filed an application for benefits on March 22, 1979, alleging his entitlement to disability benefits due to his heart attack. The application was denied and pursuant to his request, an administrative hearing was conducted to consider his claim de novo on January 15, 1980.

After considering all the evidence presented, including testimony by claimant and his wife, the Administrative Law Judge (ALJ), made the following relevant findings:

2. The claimant has the following impairments: heart attack residuals and a pars defect of the intra articularis.

3. The claimant has the residual functional capacity to perform work related functions except for work involving light levels of exertion.

4. The claimant is unable to perform his past relevant work as a truck driver.

5. The claimant has the residual functional capacity for at least sedentary work as defined in Regulation 404.-1510.

6. The claimant is 38 years old, which is defined as a younger individual.

7. The claimant has the equivalent of a high school education.

8. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.

In evaluating the evidence in order to determine claimant's "residual functional capacity for substantial gainful activity at any other type work existent in the economy", the ALJ observed.

In resolving the question, consideration must be given to vocational factors. Claimant at 38 years of age is a younger individual, and he has the equivalent of a high school education. These are both quite positive vocational factors. He does not have skills from his former work which are particularly useful or transferrable to less demanding work activity. That factor is not particularly positive.

---

1. "Medical-Vocational Guidelines" are regulations promulgated by the Secretary, pursuant to his rule making power, which allegedly aid an administrative law judge in evaluating and determining the vocational potentials of a claimant in the adjudication of a claimant's request for disability benefits.

Also less than positive is the fact that claimant is limited to sedentary levels of prolonged exertional activity. He has chest pain with overexertion, and even though this is relieved by use of nitroglycerin, he is unable to sustain even light levels of activity. In addition, his congenital back abnormality precludes significant amounts of lifting, bending, and stooping. It is, therefore, concluded that claimant is limited to sedentary levels of exertion. Because of the positive vocational factors in claimant's profile he is presumed to have the residual functional capacity for substantial gainful activity under Rules adopted by the Secretary of Health, Education, and Welfare. Rule 201.27 of Table 1 mandates a finding of 'not disabled' for a younger individual with the equivalent of a high school education even though not skilled and limited to sedentary levels of exertion. . . .[2]

On June 18, 1980, the Appeals Council originally denied the claimant's request for review of the ALJ's decision. After considering additional evidence submitted by claimant in support of his claim,[3] the Appeals Council again affirmed the decision of the ALJ.

In *Woodard v. Secretary of the Department of Health, Education and Welfare*, 626 F.2d 46 (8th Cir., 1980), the Court of Appeals for the Eighth Circuit observed:

We have previously held that where an individual establishes that she suffers from a disability which prohibits her from returning to the work she formerly did, the burden shifts to the Secretary to establish that there is other work that she could perform in the light of her disabilities, and that it is incumbent on the Secretary to call a vocational expert to establish this fact. *Garrett v. Richardson*, 471 F.2d 598, 603–604 (8th Cir. 1972).

The ALJ did not call a vocational expert to testify. The ALJ found that claimant possessed no skills from his former work "which are particularly useful or transferrable to available alternative employment in the national economy"; but no effort was made to identify or articulate just what skills or experiences claimant possessed that qualified him for the alternative jobs. Instead, the ALJ concluded, from an application of Medical-Vocational Guidelines, that claimant's "age and residual functional capacity" render the issue of transferability of work skills to alternative employment irrelevant.

It is plain that the ALJ has concluded that claimant possesses the capacity for the performance of substantial gainful activity available in the national economy by simply applying general propositions which are purportedly based upon lengthy and extensive study, but nevertheless, are conjectural. This application of theorems in lieu of factual evidence has had the effect of depriving claimant of that particularized consideration that he deserves in the adjudication of his claim for disability benefits.

**2.** Sedentary work, when used in making disability determinations under the Regulations, is defined as follows:

Sedentary work entails lifting 10 pounds maximum and occasionally lifting or carrying such articles as dockets (e. g., files), ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *See:* 20 C.F.R. § 404.-1510(b).

**3.** The additional evidence consisted of a letter dated June 2, 1980, from claimant's physician stating:

I examined your client to, Mr. John Pitcock, who, as you know, has had a myocardial infarction with complete occlusion of the anterior descending artery. He has a positive EKG which shows an old myocardial infarction. He has a new complaint today and that is double vision. He has had this complaint for about four months. On my examination he sees double and his eyes do not converge together. He states that this started when he fell off the back steps striking the back of his head. I feel that he should be evaluated by a neurologist for the origin of the double vision because he may have some nerve damage or some damage to the ocular portion of his brain.

The Court is aware that the ALJ did not have the benefit of this information relating to claimant's eye problem in finding claimant ineligible for disability benefits. The Court's decision is not based on this new evidence.

Even the "Medical-Vocational Guidelines" contemplate something more than mere theoretical ability to perform alternative employment when, as here purportedly, claimant's age level is regarded as a more positive factor and, consequently, is not a significant factor in limiting claimant's ability to make a vocational adjustment. Section 201.00(h) of 20 C.F.R. provides:

The term 'younger individual' is used to denote an individual age 18 through 49. For those within this group who are age 45–49, age is a less positive factor than for those who are age 18–44. Accordingly, for such individuals; (1) who are restricted to sedentary work, (2) who are unskilled or have no transferable skills, (3) who have no relevant past work or who can no longer perform vocationally relevant past work, and (4) who are either illiterate or unable to communicate in the English language, a finding of disabled is warranted. On the other hand, age is a more positive factor for those who are under age 45 and is usually not a significant factor in limiting such an individual's ability to make a vocational adjustment, even an adjustment to unskilled sedentary work, and even where the individual is illiterate or unable to communicate in English. *However, a finding of disabled is not precluded for those individuals under age 45 who do not meet all of the criteria of a specific rule and who do not have the ability to perform a full range of sedentary work....* (Emphasis added)

The Court is not persuaded that the burden the Secretary is required to shoulder, once a claimant makes a *prima facie* case for benefits, is met by the perfunctory application of "Medical-Vocational Guidelines" which denies a claimant that individualized consideration that due process envisions. "The focus must be on the individual claimant since different people can react in markedly different ways to the same impairment." *Cole v. Harris,* 641 F.2d 613, 615 (8th Cir., 1981.); *Powell v. Patricia Roberts Harris, Secretary of Health and Human Services,* 516 F.Supp. 1001 (United States District Court, El Dorado Division, 1981).

The Court believes that given claimant's impairment, absence "substantial evidence from other sources bearing directly on the issue of substantial gain activity", the expertise of a vocational expert is necessary in order to determine whether claimant possesses the requisite skills to engage in significant gainful employment. *See: Garrett v. Richardson,* supra.

The decision of the Secretary is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.