Harold HAMMONDS, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary, Health and Human Services, Defendant.

No. 80–4081–CV–C–W.

United States District Court, W. D. Missouri, W. D.

Dec. 11, 1981.

Timothy C. Harlan, Boonville, Mo., for plaintiff.

Judith Strong, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

The plaintiff seeks review, under 42 U.S.C. § 405(g), of a final decision by the defendant which disallowed his claim for social security disability benefits. Cross-motions for summary judgment have been

filed. For the reasons stated below, the Secretary's decision is reversed and this case is remanded for further proceedings consistent with this opinion.

## I.

In his decision of December 29, 1979, the Administrative Law Judge (ALJ) accepted the defendant's contention that the plaintiff, as a result of back and leg pain, was unable to perform his previous work, but was able to perform sedentary work. The ALJ considered the plaintiff's residual capacity to perform sedentary work, the transferability of his prior skills, his age and his limited education, and concluded that the plaintiff was not disabled. *See*, 20 C.F.R. § 404.1505(f). The ALJ stated that his finding of "not disabled" was "mandated" by his application of the Social Security Administration's "Medical-Vocational Guidelines." *See*, 20 C.F.R. Chapter III, Subpart B, Appendix 2. In addition, the ALJ stated that he considered the plaintiff's claim of severe pain in reaching his conclusion that the plaintiff had the residual functional capacity to perform the exertional activities related to sedentary work. There was no testimony from a vocational expert.

The plaintiff challenges the decision of the Secretary on the grounds that (1) the ALJ should not have used the Medical-Vocational Guidelines with respect to the plaintiff's non-exertional limitations; (2) the ALJ improperly held that the Guidelines mandated a finding that plaintiff was disabled; (3) the ALJ's reliance on the Guidelines does not amount to substantial evidence; and (4) the Guidelines violate the Administrative Procedure Act. The defendant wholly supports the decision of the ALJ. While the Court does not entirely agree with the plaintiff's phrasing of the issues to be reviewed, it does find merit in some of the plaintiff's contentions. In determining whether the ALJ's conclusions were based on substantial evidence, *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir. 1976), the Court specifically fashions its decision with respect to (1) whether the ALJ

is required to take into account the presence of back and leg pain in determining non-exertional limitations on sedentary work, and (2) whether the ALJ is required to hear testimony of a vocational expert when a claimant is not able to perform his previous work. The Court holds that the ALJ is required to do both.

### A. Pain as a Non-exertional Limitation on Sedentary Work

In determining whether a particular claimant is disabled, the Social Security Administration's regulations permit the factfinder to consider the claimant's residual functional capacity to do work. 20 C.F.R. § 404.1505(e) The ALJ concluded, in view of the medical evidence before him, that the plaintiff was able to exert himself to the extent permitted under the rubric of "sedentary work." *See*, 20 C.F.R. § 404.1510(b). Having found that the plaintiff could perform sedentary work, the ALJ further took into account the transferability of the plaintiff's prior skills and the plaintiff's age and education, and concluded that the plaintiff was not disabled under the "Medical-Vocational Guidelines." *See*, 20 C.F.R. Chapter III, Subpart B, Appendix 2, Rule 201.18. In assessing the plaintiff's residual functional capacity to engage in substantial gainful activity, the ALJ perfunctorily stated that the plaintiff's back and leg pain posed no exertional limitations on the plaintiff's ability to perform sedentary work. The ALJ, however, made no findings with respect to whether the plaintiff's back and leg pain limited his ability to perform non-exertional tasks. The Court reads Section 404.1505(d) of the Administration's regulations to require this two-part analysis where an allegation of pain prompts an assessment of a claimant's residual functional capacity.

The presence of pain can impose both exertional and non-exertional limitations on an individual's ability to engage in substantial gainful activity. *See*, 20 C.F.R. § 404.1505(a). The ALJ properly took into consideration the plaintiff's claim of back and leg pains when he determined that the plaintiff possessed the residual functional

capacity to do the exertional activities contemplated by sedentary work. But "sedentary work" may encompass more than exertional activities. The plaintiff's claim of back and leg pain may limit his ability to engage in non-exertional activities. Under certain circumstances, pain may be sufficiently severe to foreclose even the claimant's ability to perform the non-exertional activities contemplated by certain types of sedentary work. Where these circumstances exist, the particular limits on non-exertional activity could warrant a finding of disability. In an action to adjudicate disability, where an allegation of pain prompts an assessment of the claimant's residual functional capacity to engage in substantial gainful employment, the fact-finder must take into consideration the limitations that pain imposes on the claimant's ability to perform non-exertional tasks.

■ The defendant asserts that other district courts have characterized back pain as an exertional limitation, presumably in support of the proposition that pain is not a non-exertional limitation. None of the cases cited by the defendant support that proposition; rather, each case cited limits its finding to the effects of pain on exertional activities. *See, Turner v. Harris*, Slip Op. 80–1117 (C.D.Cal. Jan. 7, 1981); *Sweet v. Harris*, Slip Op. 80–1414 (D.N.J. March 31, 1981); *Stallings v. Harris*, 439 F.Supp. 956 (W.D.Tenn.1980). The defendant's confusion with respect to whether pain may be considered as a limitation on non-exertional activities is understandable in view of the manifestly ambiguous regulation concerning "non-exertional limitations." *See*, 20 C.F.R. § 404.1505(d). The defendant, in reading Section 404.1505(d), has mischaracterized the referent of non-exertional as an "impairment" rather than as a "limitation." As a consequence, the defendant improperly argued that pain may only be considered with respect to a claimant's ability to do "exertional" activities. Though the regulation refers to both "non-exertional limita-

tions" and "non-exertional impairments," the Court believes that the regulation, when read in context with the other disability regulations, contemplates that a fact-finder consider sensory impairments, such as pain, in determining whether there are any limitations on the claimant's residual functional capacity to perform non-exertional tasks.[1] Thus, under Section 404.-1505(d), the ALJ, on remand, must determine whether the plaintiff's allegation of back and leg pains sufficiently limits his ability to perform non-exertional tasks so as to render the plaintiff disabled.

## B. Testimony of a Vocational Expert

■ The plaintiff has claimed that the ALJ's sole reliance on the "Medical-Vocational Guidelines" was improper and that the ALJ's application of the Guidelines denied him due process of law in violation of the Administrative Procedure Act. With respect to plaintiff's first contention, the Court acknowledges that the ALJ's sole reliance on the Guidelines has common sense appeal. Where a change of employment is required, however, the Eighth Circuit has developed a body of law which is unique in its stringency with respect to individualization of a finding of ability to engage in substantial gainful employment and its requirements relating to vocational evidence. *See generally*, "Eighth Circuit Survey", 13 Creighton L.Rev. 1132–40 (1980). It is incumbent on the Secretary to call a vocational expert to establish that the claimant does have the ability to engage in substantial gainful activity. *Lanes v. Harris*, 656 F.2d 285, at 288 (8th Cir., 1981); *Woodward v. Secretary*, 626 F.2d 46, 47 (8th Cir. 1980); *Voyles v. Harris*, 636 F.2d 228 (8th Cir. 1980); *Fisher v. Schweiker*, 514 F.Supp. 119 (W.D.Mo., 1981). When the Secretary acquires the burden of proving that a claimant may engage in new gainful activity, it is fundamental that the ALJ base his judgment on the testimony of a vocational ex-

---

1. The plaintiff alleged that the Guidelines are wholly inapplicable where the possibility of non-exertional limitations arises. The Court finds no support in the regulations for the prop-

osition that the Guidelines cannot prove guidance in a disability determination where non-exertional limitations are involved.

pert. *Warner v. Califano*, 623 F.2d 531, 532 (8th Cir. 1980).

While the Eighth Circuit rulings have not directly addressed the issue of whether the Medical-Vocational Guidelines can substitute for expert testimony, the Circuit Court is probably aware that its requirement of proof goes beyond and is inconsistent with the regulations. Thus, this Court must rely on the directives of the Eighth Circuit and will consider it imprudent to rely on the regulation as a substitute for expert testimony. Social Security Administration personnel should take into account evidentiary requirements that are likely to be imposed on this Court by the Eighth Circuit.

People do not easily fit into pigeonholes. This Court rejects *Stallings v. Harris*, 493 F.Supp. 956 (W.D.Tenn.1980), cited by the defendant, and the theory that the grid regulations avoid the need for expert testimony.[2] When a claimant can no longer perform his previous work, the ALJ may no longer blindly rely on the regulations, though he may treat the regulations as a valuable supplementary tool. *Fisher, supra,* 514 F.Supp. at 121–122.

### II.

On remand, the ALJ must take into consideration the plaintiff's claim of back and leg pains in determining whether there exist any limitations on the plaintiff's ability to perform non-exertional tasks. If, after considering the effect of back and leg pains, the plaintiff is found not to be disabled, the ALJ must then hear testimony from a vocational expert with respect to the plaintiff's ability to engage in substantial gainful activity.

Accordingly, it is hereby

ORDERED that the Secretary's decision is *reversed* and the case *remanded* for further proceedings consistent with this opinion.

---

2. The Court's finding with respect to vocational expert testimony precludes, at this time, review of the plaintiff's claim that the Guidelines violate the Administrative Procedure Act.