**Sharon B. STUCKER, SS # 504 42 8853, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. Civ. 81–1060.**

United States District Court, D. South Dakota, N. D.

June 3, 1982.

Jeanne Reisenweber Lyke, Aberdeen, S. D., for plaintiff.

John J. Ulrich, Asst. U. S. Atty., Sioux Falls, S. D., for defendant.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

Claimant here challenges, pursuant to 42 U.S.C. § 405(g), the decision of defendant which denied her Social Security disability benefits. At the time of the administrative hearing on her claim she was 40 years old, with a high school education and prior work experience as a registered nurse. Claimant received a severe head injury in a motorcycle accident in 1980, and was hospitalized for more than two weeks following the accident. Claimant has since suffered from problems with confusion, forgetfulness, disorientation, mild headaches and dizziness and visual problems.

After the hearing, the Administrative Law Judge (ALJ) made the specific finding that claimant's "impairments have precluded her from performing her past relevant work as a nurse." Apparently relying on the Medical-Vocational Guidelines in Appendix 2 to Subpart P, 20 C.F.R. § 404, the ALJ nonetheless found that claimant "has the residual functional capacity for sedentary work", and thus is ineligible for disability benefits. No evidence was taken from a vocational expert.

As has been noted in a recent case, the "Eighth Circuit has developed a body of law which is perhaps unique in its stringency regarding individualization of a finding of ability to engage in substantial gainful activity, and in its requirements relating to vocational evidence" once it has been shown that a claimant is unable to return to the claimant's prior work. *Fisher v. Schweiker,* 514 F.Supp. 119, 121 (W.D.Mo.1981). *See, e.g., Voyles v. Harris,* 636 F.2d 228, 229 (8th Cir. 1980) ("Because [claimant] is unable to return to the job he has held prior to his disabling injury, the burden shifted to the Secretary to produce evidence by a vocational expert showing that there were jobs available that suited [claimant's] qualifications and capabilities.")

The *Fisher* case noted that no Eighth Circuit case seems to have, as yet, considered the use of the "Medical-Vocational Guidelines" utilized by the ALJ here, but said that "the district judges in the Eighth Circuit will generally prefer to rely on the directives of our Court of Appeals, even though slightly out of context, and will consider it imprudent to rely on the regulations as a substitute for expert testimony." *Fisher, supra* at 121. *Accord, Pitcock v. Schweiker,* 520 F.Supp. 1117 (E.D.Ark. 1981); *Powell v. Schweiker,* 516 F.Supp. 1001 (W.D.Ark.1981). This Court must agree with the reasoning in *Fisher,* particularly under the circumstances of this case.

The "Medical-Vocational Guidelines" upon which the ALJ relied state that because

the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements ['exertional impairments'] of jobs, *they may not be fully*

*applicable where the nature of an individual's impairment does not result in such limitations, e.g. certain mental disorders, sensory or skin impairments. ['non-exertional impairments'].*

20 C.F.R. § 404, Appendix 2, Section 200.-00(e). (Emphasis supplied). It was largely the claimant's 'non-exertional impairments' which led to the ALJ's finding that claimant could not return to her past work, and these 'non-exertional impairments' of confusion, forgetfulness, disorientation, etc. are obviously present in claimant's case to a very considerable degree. Thus, under the language of the regulations themselves, their use by the ALJ becomes highly questionable. In support of defendant's contention that the regulations were properly utilized, defendant urges *Cannon v. Harris,* 651 F.2d 513 (7th Cir. 1981) as the case "closest" on point. It is true that the court in *Cannon* upheld an application of the "Medical-Vocational Guidelines", but it must be observed that there was also evidence in *Cannon* from a vocational specialist who listed several jobs which the claimant was capable of performing, evidence upon which the ALJ had based his findings. 651 F.2d at 518. *Cannon* is therefore no support to defendant's position.

At least under the circumstances of this case, the Court must find that

> in order to provide the particularized proof sufficient to resolve [the issue of whether claimant is capable of gainful activity], the need for the testimony of a vocational expert remains.... The regulations may be an aid to decision once the testimony of the vocational expert is received, but in view of the strong precedents in this Circuit, this Court is unwilling to hold that the necessity for calling a vocational expert may be dispensed with altogether.

*Powell v. Schweiker, supra,* at 1003.

The decision of the Secretary will accordingly be vacated, and the cause remanded to the Secretary of Health and Human Services for further proceedings not inconsistent with this opinion.