**Stanley D. JOLLY, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Stanley D. JOLLY, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Nos. 81–410C(A), 83–40C(A).**

United States District Court, E.D. Missouri, E.D.

Jan. 3, 1984.

---

Larry W. Glenn, St. Louis, Mo., for plaintiff.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM–OPINION

HARPER, District Judge.

Stanley D. Jolly is back before the District Court following its order of December 29, 1981. At this time, this Court in Action No. 81–410C(A), remanded an adverse finding against Jolly, to the Secretary for further administrative proceedings. The Court had determined that the evidence was insufficient to substantiate the Secretary's decision that Jolly was not disabled under the Act. In particular, this Court was concerned about the lack of the testimony of a vocational expert to support the findings of the Secretary that Jolly was able to perform gainful employment despite his alleged ailments of dizziness, loss of hearing and alcoholism.

The Secretary complied and a supplemental hearing was held on June 23, 1982, where the claimant, represented by counsel, appeared and testified. One Samuel Bernstein, Ph.D., a qualified vocational expert, also testified.

At the hearing, Jolly reiterated his claims of hearing loss and intermittent dizziness. He claimed his dizziness occurs four or five times a week, sometimes for twenty minutes at a time. The vertigo causes him to stagger and he becomes disoriented (Tr. 152–153). He also claimed to have intermittent deafness which sometimes lasts three or four days. He further complained of ringing and buzzing in his ears which created confusion (Tr. 155–156).

Jolly acknowledged a history of alcoholism which had created employment, marital and health problems. He indicated that he drank as much as three bottles of wine a day at one time, but now he was only drinking occasional beer.

He noted that the Veterans Administration had found that he had a non-service connected disability for which he was receiving $440.00 a month. Jolly's employment prior to his claimed disability in June of 1978, had been that of laborer or truck driver for the preceding twenty-three years.

Dr. Samuel Bernstein, a vocational counselor, who regularly testifies for the Secretary, testified in this case. He heard the claimant testify and read all of the employment and medical history. He noted the claimant's age (fifty-five), his education (eight grades) and work experience (unskilled). He concluded that the indicated dizziness would disqualify him from any gainful employment, because he would be dangerous to himself and to others.

On the basis of the aforementioned testimony, the administrative law judge (ALJ) made, *inter alia*, the following pertinent findings:

2. The claimant has the following medically determinable impairments: cochlear sensorineural hearing loss producing increasing severity and frequency of vertigo. The medical evidence shows medical findings which can reasonably be expected to produce these symptoms. The claimant's allegation that he has been unable to work because of these symptoms since June 15, 1978 is credible.

3. The evidence of record establishes that the claimant has been precluded from engaging in all substantial gainful activity and is under a "disability" within the meaning of the Act; and that such

"disability" commenced on June 15, 1978, but not prior thereto. (Tr. 139–140.) These findings are dated July 20, 1982.

On November 30, 1982, the appeals council of the Secretary's office refuse to adopt the findings of the ALJ. It reviewed the record and noted that it found the testimony of the vocational expert unpersuasive. The council observed that the claimant's prior work as a stock clerk in a retail store would have permitted him to rest on any given day when one of his twenty minute dizzy spells would occur. The appeals council made the following pertinent findings:

2. The claimant has a cochlear inner ear disease without significant clinical or laboratory abnormalities and manifested by essentially temporary hearing loss and brief, infrequent dizzy spells aggravated by alcohol abuse but unrelated to exertional or emotional stress.

3. The claimant does not have an impairment which significantly limits his ability to perform basic work-related functions; therefore, the claimant does not have a severe impairment.

4. The claimant has been able to perform his previous work as a retail stock clerk.

5. The claimant does not have a severe impairment, and was not under a disability as defined in the Social Security Act, as amended, on or before December 31, 1980, or at any time through the date of the recommended decision.

Accordingly, the ALJ's recommended decision was set aside and the appeals council's decision denying benefits becomes the final decision of the Secretary, ripe for District Court review. Both parties have filed cross motions for summary judgment. The Secretary notes that the appeals council is not obligated to adopt the findings of the ALJ, but to ascertain whether there is substantial evidence to support the Secretary's decision, which in this case was represented by the decision of the appeals council. *Universal Camera Corp. v. National Labor Relations Board,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Laz-*

*arus v. Weinberger,* 400 F.Supp. 378 (E.D. N.Y.1975).

Claimant's counsel recognizes his burden of proof in establishing disability as outlined in *Celebrezze v. Bolas,* 316 F.2d 498 (8th Cir.1963). He urges that disability does not have to be measured as total helplessness, but must be assessed in consideration of the claimant's background, experience and present mental and physical status. *Easttam v. Secretary of HEW,* 364 F.2d 509 (8th Cir.1966); *Timmerman v. Weinberger,* 510 F.2d 439 (8th Cir.1975). This Court previously remanded this case to allow the Secretary to give vocational expert proof that Jolly was able to perform work other than his past relevant work, since we concluded that Jolly could not perform his previous work, *Woodard v. Secretary of HEW,* 626 F.2d 46 (8th Cir. 1980). The vocational expert used in the supplemental hearing, in answer to a proper hypothetical question, found Jolly to be unable to perform any gainful employment because of the danger posed to himself or to others.

One Dr. Laurence A. Levine, a otolaryngologist, supplied a report dated January 26, 1982, for the supplemental hearing. In this report, he indicated Jolly to be suffering from cochlear inner ear disease with increased hearing loss and frequently severe vertigo. He observed that the long term effects of cochlear sensorineural hearing loss are a progression to near deafness and increasing severity and frequency of the vertigo (Tr. 187).

The appeals council's decision, like this Court's decision, is made on the record alone. Neither body has the benefit of seeing or hearing the witnesses involved. Accordingly, it would appear that the appeals council has arbitrarily rejected the testimony of record which the ALJ found credible and supportive of his finding that Jolly was indeed disabled. It is neither circumspect nor judicious to propose under these circumstances, that Jolly could take time out from his prior work as clerk or truck driver to accommodate a twenty minute dizzy spell. We have concluded

that the findings of the ALJ have been supported by substantial evidence and accordingly, we VACATE the findings of the appeals council and reinstate the decision of the ALJ that Jolly be awarded disability and supplemental security income. However, while the ALJ in this case found petitioner's disability to have commenced on June 15, 1978, such conclusion was not determined until after hearing the vocational expert testify on June 23, 1982. The hypothetical question posed to the vocational expert assumed facts in existence on that particular date. Dr. Levine's critical letter is dated January 26, 1982.

Accordingly, we have concluded that there is not substantial evidence to support the Secretary's findings that disability commenced on June 15, 1978. Rather, we find that substantial evidence dictates that the onset of claimant's disability be established at January, 1982, and that he be paid disability benefits therefrom. 42 U.S.C. § 405(g).

The Court adopts this memorandum opinion as its finding of fact and conclusion of law and the clerk will prepare the order in accordance with the Court's finding herein.