Allen Lee LARGE, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant.

No. N 82–0006–C.

United States District Court,
E.D. Missouri, N.D.

Oct. 20, 1982.

Branson L. Wood III, Hannibal, Mo., for plaintiff.

Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on cross motions for summary judgment.

Plaintiff, Allen Large, commenced this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health and Human Services (HHS) denying his applications for disability insurance benefits and supplemental security income (SSI) benefits. Section 205(g) of the Act provides that the Secretary's findings are conclusive if supported by substantial evidence on the record as a whole. *Williamson v. Califano,* 487 F.Supp. 308, 310 (W.D.Mo.1980). Large contends there is insufficient evidence to support the Secretary's decision and that use of the Medical Vocational Guidelines, 20 C.F.R. §§ 404.1501 *et seq.,* and 416.901, *et seq.,* violates the due process clause of the fifth amendment to the Constitution of the United States of America.

Large injured his back and left ankle in a motorcycle wreck on August 20, 1980. He was then hospitalized a month for surgery and treatment. His treating physician, Don Gilchrist, M.D., a board-certified orthopedic surgeon, stated during hospitalization that Large improved almost daily and experienced no complications. When released from the hospital, Large wore a body brace and was in a wheel chair for two months. He got off crutches after another month. On April 28, 1981, Large returned to part-time work as a janitor for two weeks but his ankle hurt too much and he was sent home. He has not tried to return to work since this unsuccessful attempt. The administrative law judge (ALJ) found that as a result of his impairments Large was unable to perform his past relevant work as a lung gun operator, construction laborer, or maintenance man because of the prolonged standing and walking as well as heavy lifting involved.

■ Once it has been shown that a claimant cannot return to his former work, the burden of proof shifts to the Secretary to designate some other specific area of employment available. *Rhines v. Harris,* 634 F.2d 1076 (8th Cir.1980). In order to designate another area of employment the Secretary, acting through the ALJ, must assess a claimant's residual functional capacity (RFC). The ALJ found that by August 13, 1981, Large had regained the functional capacity to perform work related functions except for work involving heavy lifting, prolonged standing and walking, or frequent bending and stooping. This finding is supported by Large's testimony that he could do the following: (a) fifteen pushups with resulting lower back pain (Tr. 51), (b) carry twenty pounds across a fifty foot room (Tr. 51–2), (c) walk six blocks (Tr. 52), (d) work on his motorcycle (Tr. 56), and (e) cast with a flyrod (Tr. 57–8).

The ALJ, using the medical-vocational guidelines, found that Large regained the RFC for at least sedentary work as defined in 20 C.F.R. § 404.1567(a). The ALJ then assessed Large's age, education, and previous work experience, and applied this information to the medical-vocational "grid"

which directed a finding of not disabled. *See* 20 C.F.R. Part 404, Subpart P, Table 1, Appendix 2, Rule 201.25.

■ Large contends expert vocational testimony was required and that the use of the "grid" violates due process. The Eighth Circuit Court of Appeals has recently upheld the use and validity of the "grid" in *McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir.1982). A sizeable measure of individualized adjudication remains a necessary condition precedent to the "grid's" application. The underlying facts—RFC, age, education, and work experience—remain fully open to proof. When the underlying facts correspond to a grid category, rendering the grid applicable, the ALJ's duty to call a vocational expert witness is eliminated. 683 F.2d at 1148.

■ Large contends that even if use of the grid is constitutional, its use in this instance is improper because of the existence of a nonexertional impairment—pain. The grid is not controlling if a claimant has a nonexertional impairment and it cannot be used to direct a conclusion without regard to other evidence, such as vocational testimony. *McCoy v. Schweiker,* 683 F.2d at 1148; *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e). Although pain may be a nonexertional impairment when not severe enough to be an independent ground for disability, it does not appear to be an impairment in this instance.

■ The ALJ found that Large's allegation of pain, while consistent with the medical evidence of record, did not continue at a level of severity for a period of 12 continuous months which would physically limit his functional capacity to perform sedentary work. This is supported by Large's testimony that he was taking no medication at the time of his hearing (Tr. 45). Large further testified that he was not taking aspirin or anything for the pain in his back (Tr. 55). That he took no medication for his alleged pain militates against his claim of disability. *See, e.g., Weber v. Harris,* 640 F.2d 176, 178 (8th Cir.1981). Further militating against his claim of disability is his own testimony that he could probably do sedentary work:

Q. What would stop you from doing a job if all you had to do was sit or stand like you are right now? But you'd have to be there everyday. You'd get your break in the morning like you're used to, and you can get your half hour for lunch and you get your break in the afternoon. But you would have to be there and assemble items like that yo-yo microphone or watch bottles and take out defective bottles or containers out of a line going in front of you, but you'd basically be not lifting anything over 10 pounds and you'd just be standing there or sitting. And what would stop you from doing a job like that?

A. Where can I get a job like that?

Q. Well, that's not my question. The question is what would stop you from doing a job like that. Anything physically stop you?

A. Probably not.

(Tr. 58.) Thus, substantial evidence exists in support of the ALJ's determination that any existing pain was not at a level of severity to physically limit Large's capacity to perform sedentary work.

Accordingly, the Secretary's motion for summary judgment is granted.