Phillis J. HOLMAN, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A. 02–G–2000–W.

United States District Court, N.D. Alabama, Western Division.

April 5, 2004.

Janet P. Cox, Cox & Reynolds LLC, Birmingham, AL, for Phillis Holman, plaintiff.

Alice H. Martin, U.S. Attorney, Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Mary Ann Sloan, Social Security Administration–Office of General Counsel, Atlanta, GA, for Jo Anne B. Barnhart, Commissioner of Social Security Administration, defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Phillis J. Holman, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) deny-ing her application for disability insurance benefits under §§ 216(i) and 223 of the Act. 42 U.S.C. §§ 416(i) and 423.

Phillis J. Holman filed an application for a period of disability and disability insurance benefits (DIB) on November 28, 2000. Thereafter, plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under § 205(g) of the Act.

## STANDARD OF REVIEW

■ The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth,* at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).

For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope,* at 477; *accord Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995).

 In the instant case, the ALJ, Jerry C. Shirley determined the plaintiff met the first two tests, but concluded she did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." *Foote,* at 1559. Furthermore, when a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical–Vocational Guidelines (the grids). *Foote,* at 1558–59. The presence of a non-exertional impairment, pain, also prevents exclusive reliance on the grids. *Foote,* at 1559. In such cases "the [Commissioner] must seek expert vocational testimony." *Foote,* at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

 In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote,* at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote,* at 1560 (quoting *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991)). In this circuit medical evidence of pain itself, or of its intensity, is not required.

While both the regulations and the *Hand [v. Heckler,* 761 F.2d 1545 (11th Cir.1985)] standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objec-*

*tive proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1215 (11th Cir.1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote* at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

■ When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

*Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substan-

tial evidence, the pain testimony of the plaintiff must be accepted as true.

## DISCUSSION

■ In the present case the plaintiff alleges she is disabled due to a number of problems, including neck pain. She has a history of cervical disk disease, including a cervical fusion in June 1998. She has undergone cervical epidural steroid injections in an attempt to relieve the pain, with short term success. An October 1998 MRI showed "[m]ild bilateral foraminal narrowing" at C5–C6, and "[m]ild posterior disc bulging" at C6–7. [R 188] This touched the anterior aspect of the cord and the spinal canal was narrowed. The report states that "Although slight impingement of the anterior aspect of the cord could be present, no cord compression is seen." [R 188] An October 1999 MRI showed "[m]oderately severe to severe central canal stenosis and bilateral lateral recess stenosis" at the C6–7 level. [R 186] On April 17, 2001, the plaintiff underwent a neurological exam. [R 250] The treatment note reports that prior nerve conduction studies had "documented evidence of acute right S1 radiculopathy as well as an older, chronic right C5–C6 radiculopathy." [R 250] A neurological examination on May 29, 2001, revealed "decreased biceps and brachial radialis reflexes on the right relative to the left and absent right ankle jerk." [R 252]

The above documents the presence of an objective medical condition that could reasonably be expected to result in disabling pain, and the ALJ's finding to the contrary is not supported by substantial evidence. Therefore, unless the ALJ properly discredited the plaintiff's testimony of disabling pain, it must be accepted as true.

■ A careful review of the ALJ's decision shows that his articulated reasons for

rejecting the plaintiff's pain testimony are not supported by substantial evidence. By way of example, he notes that the plaintiff testified that "her medication helps the pain." [R 21] However, her testimony did not indicate that the pain was reduced to a level so as to allow work. The ALJ also refused to credit the plaintiff's testimony about the side effects of her pain medication without there being substantial evidence to support that refusal. The ALJ stated that the plaintiff provided full-time care for her two grandchildren, and after-school care for two children who are in school. However, the plaintiff testified that she did not lift the children and that her eighteen year old daughter did most of the work involved with caring for the children. The ALJ also gave the following as a reason for rejecting the plaintiff's pain testimony: "She watched television about two hours at a time, and read her Bible about 15 minutes at a time. Both activities are consistent with the ability to sit for extended periods and to concentrate." [R 21] The ability to watch television for two hours in no way indicates an ability to work and the plaintiff's daily activities questionnaire does not indicate the plaintiff watched television or read her Bible while sitting. Therefore, the plaintiff may have performed the activities while lying down. The court takes judicial notice of the fact that merely watching television for two hours at a time does not indicate an ability to perform in a work setting. Anyone visiting a nursing home filled with dementia patients will see many, if not most, with their eyes fixed on a television screen. It is difficult to imagine pain at such a level as to not allow a person to "watch" television. "Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity." *Smith v. Califa-*

*no*, 637 F.2d 968, 971–72 (3rd Cir.1981). Therefore, the ability to "watch television" provides no basis for finding the plaintiff can work.

The other activities of daily living recited by the ALJ do not support a finding that the plaintiff's pain testimony is not true. The ability to perform the limited activities noted by the ALJ does not rule out the presence of disabling pain. The ability to watch television, do occasional shopping, or perform other sporadic activities does not mean the plaintiff is not disabled. In this circuit it has been recognized that "participation in everyday activities of short duration, such as housework or fishing" does not disqualify a claimant from disability. *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir.1997). As has been noted:

> [S]tatutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. *Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity* .... It is well established that sporadic or transitory activity does not disprove disability.

*Smith v. Califano*, 637 F.2d 968, 971–72 (3rd Cir.1981)(emphasis added). It is the ability to engage in gainful employment that is the key, not whether a plaintiff can perform minor household chores or drive short distances. In *Easter v. Bowen*, the court observed as follows:

> Moreover, an applicant need not be completely bedridden or unable to perform any household chores to be considered disabled. *See Yawitz v. Weinberger*, 498

F.2d 956, 960 (8th Cir.1974). What counts is the ability to perform as required on a daily basis in the "sometimes competitive and stressful" environment of the working world. *Douglas v. Bowen,* 836 F.2d 392, 396 (8th Cir.1987) (quoting *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc)). 867 F.2d 1128, 1130 (8th Cir.1989). The *Easter* court further noted that "[e]mployers are concerned with substantial capacity, psychological stability, and steady attendance ...." 867 F.2d at 1130 (quoting *Rhines v. Harris,* 634 F.2d 1076, 1079 (8th Cir.1980)).

With the proper standard in mind, it is clear that the ALJ's articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, the ALJ failed to satisfy the requirements of *Hale.* The conclusion of that court is equally appropriate in the instant case. "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence. It follows, therefore, that claimant's pain testimony has been accepted as true." *Hale,* at 1012.

The vocational expert testified that if the plaintiff suffered from the pain and side effects of her medication as she testified, she would not be able to work. Therefore, the Commissioner failed to carry her burden at step five of showing the plaintiff could perform other work. Accordingly, the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does **not** extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*