Cathy L. HORTON, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

Civil Action No. 04–G–3061–W.

United States District Court,
N.D. Alabama,
Western Division.

Dec. 14, 2006.

1042

hausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

■ The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth,* at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

Charles L. Martin, Martin & Jones, Decatur, GA, for Plaintiff.

Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Natalie Jemison, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

### *MEMORANDUM OPINION*

GUIN, District Judge.

The plaintiff, Cathy L. Horton, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and ex-

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

██ In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

██ In the instant case, ALJ Jerry C. Shirley determined the plaintiff met the first two tests, but concluded that while she has an impairment or impairments considered "severe," she did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to her prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." *Foote*, at 1559. Furthermore, when, as is the case here, a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical–Vocational Guidelines (the grids). *Foote*, at 1558–59. The presence of a non-exertional impairment, pain, also prevents exclusive reliance on the grids. *Foote*, at 1559. In such cases "the [Commissioner] must seek expert vocational testimony." *Foote*, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

██ In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote*, at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)). In this circuit medical evidence of pain itself, or of its intensity, is not required.

While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the*

*pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1215 (11th Cir.1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote* at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

■ When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

*Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## DISCUSSION

The plaintiff testified that she is unable to work because of constant low back pain which radiates down her right leg, and which, despite two back surgeries, results in her being unable to sit or stand for any lengthy amount of time. [R 475–479]. The plaintiff also testified that she takes medications for depression and anxiety, and that she suffers from semi-weekly depressive episodes which cause her to stay in bed for days at a time. [R 480–481]. The vocational expert (VE) testified that if the plaintiff suffers from the pain she describes, the resulting loss of concentration and the need to lie down two to three days per week, then she would be prevented from any type of work. [R 488]. The ALJ found that the plaintiff had met the first part of the Eleventh Circuit Pain Standard, but failed to meet either prong of the second part because he found the medical evidence did not support the plaintiff's allegations of limitation of function or pain to the degree that it would preclude all substantial gainful activity.

■ In reaching his conclusion, the ALJ rejected the opinion of John R. Goff, Ph.D, a clinical neuropsychologist. Dr. Goff, after extensive testing, diagnosed the plaintiff as having major depression, probably single episode, continuous pain disorder associated with both psychological factors and a general medical condition (failed back syndrome), and assessed that the plaintiff had many marked and extreme limitations. [R 444–447]. The ALJ gave "little weight" to Dr. Goff's "assessment as it is inconsistent with the claimant's daily activities and with the objective clinical findings of the claimant's treating sources. Records from treating sources span a time period of at least two years and not just one visit." [R 26].

The plaintiff has been treated primarily by Rick L. McKenzie, M.D., who initially treated her for pain and performed her two surgeries, and Wesley L. Spruill, M.D., who performed lumbar epidural steroid injections on the plaintiff. During his treatment of the plaintiff, Dr. McKenzie regularly prescribed narcotic pain medication. A "longitudinal history of complaints and attempts at relief" supports the plaintiff's pain allegations. *See* SSR 96–7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating

an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.")

Dr. Spruill referred the plaintiff to Frank L. Brotherton, Ph.D., a licensed clinical psychologist, who diagnosed the plaintiff as having an adjustment disorder with mixed anxiety and depressed mood, and a pain disorder associated with both psychological factors and general medical condition. [R 359]. The ALJ concluded that because Dr. Brotherton did not refer her to a mental health center or hospital, restrict her activities, or recommend a change in her medications, and only recommended therapy sessions for pain education and stress management, the absence of an opinion regarding the plaintiff's functional limitations supports rejecting Dr. Goff's assessment. It is noteworthy that while both Dr. Brotherton and Dr. Goff saw the plaintiff one time, only Dr. Goff performed extensive testing with his evaluation.[1] The plaintiff's treating physicians addressed the plaintiff's physical needs (pain and pain management), while Dr. Goff assessed her mental state and functional limitations. Moreover, there is no similar or competing mental evaluation in the record, so there is no medical evidence contradicting Dr. Goff' s diagnosis. The ALJ's reasons for rejecting the opinion of Dr. Goff are not supported by substantial evidence.

■ Similarly, the reasons articulated by the ALJ in rejecting the plaintiff's pain testimony are not supported by substantial

evidence. The ALJ found that [t]he claimant's allegations [of debilitating pain] are inconsistent with her daily activities including driving, shopping, attending church, performing some household chores including ironing, washing dishes, doing laundry and cooking, reading for pleasure, watching television, independently caring for her personal needs, having friends and walking for exercise. [R 24]. The activities of daily living recited by the ALJ do not rule out the presence of disabling pain. The ability to watch television, do occasional shopping, or perform other sporadic activities does not mean the plaintiff is not disabled. In this circuit it has been recognized that "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability. *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir.1997). As has been noted:

> [S]tatutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. *Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity ....* It is well established that sporadic or transitory activity does not disprove disability.

*Smith v. Califano*, 637 F.2d 968, 971–72 (3rd Cir.1981) (emphasis added). It is the ability to engage in gainful employment that is the key, not whether a plaintiff can perform minor household chores or drive short distances. In *Easter v. Bowen*, the court observed as follows:

---

**1.** The regulations provide that extra weight is to be given an opinion supported by extensive testing, and also to the opinion of a specialist.

Both these provisions apply here to the opinion of Dr. Goff.

Moreover, an applicant need not be completely bedridden or unable to perform any household chores to be considered disabled. *See Yawitz v. Weinberger,* 498 F.2d 956, 960 (8th Cir.1974). What counts is the ability to perform as required on a daily basis in the "sometimes competitive and stressful" environment of the working world. *Douglas v. Bowen,* 836 F.2d 392, 396 (8th Cir.1987) (quoting *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc)). 867 F.2d 1128, 1130 (8th Cir.1989). The *Easter* court further noted that "[e]mployers are concerned with substantial capacity, psychological stability, and steady attendance...." 867 F.2d at 1130 (quoting *Rhines v. Harris,* 634 F.2d 1076, 1079 (8th Cir.1980)).

With this standard in mind, it is clear that the ALJ's articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence. The ALJ's selective description of the plaintiff's activities is disingenuous, as he accepts her listing of her activities, but not her limiting description of them.[2] Therefore, the ALJ failed to satisfy the requirements of *Hale.* The conclusion of that court is equally appropriate in the instant case. "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence. It follows, therefore, that claimant's pain testimony has been accepted as true." *Hale,* at 1012.

## CONCLUSION

For the reasons set forth above, the Commissioner failed to carry her burden at step five of showing the plaintiff could perform other work. Accordingly, the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED.

## FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in

---

**2.** While the plaintiff can, in fact, drive a car, the ALJ omits her qualification that she cannot drive far, and while the plaintiff can indeed perform household chores, the ALJ fails to describe the plaintiff's reservation that these chores are done infrequently and spo-radically, taking much longer to complete. [R 476]. As stated in the plaintiff's brief, the ALJ "may as well state that he believes her when she says things he wants to hear, and disbelieves her when [s]he says things he does not want to hear."

which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

DONE and ORDERED.